```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Richard Maximus Strahan

    v.                                Civil No. 18-cv-161-JL
                                       Opinion No. 2018 DNH 168
Kirstjen Nielsen, in her
official capacity as the
Secretary of Homeland Security
and the Department of Homeland
Security, et al.


**MEMORANDUM ORDER**


    Whether plaintiff Richard Strahan may maintain his environmental-based challenge to immigration policy turns on whether the relevant administrative agencies received the statutorily-required 60 days' notice of his intent to bring this action before he filed his complaint.  Strahan brings this citizen suit under the Endangered Species Act (ESA), see 16 U.S.C. § 1540(g), against the Secretary of Homeland Security and her Department (DHS), the director of the United States Fish and Wildlife Service (FWS), and the assistant administrator of the National Marine Fisheries Service (NMFS).  He alleges that DHS failed to comply with the ESA when it neglected to consult with the FWS and NMFS before implementing immigration policies that increases the population of the United States, see id. § 1536(a), and that its actions implementing such policies and issuing visas and other immigration documents under those

policies constitute a prohibited "taking" of endangered species under § 1538(a) of the ESA. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1540(c) (district court jurisdiction over actions arising under the ESA).

The defendants have moved to dismiss this action citing Strahan's lack of standing, see Fed. R. Civ. P. 12(b)(1), and alleging that he failed to provide the statutorily-required 60-day notice to the defendant agencies before initiating this lawsuit. They also contend that Strahan fails to plead a cause of action on which this court can grant relief. See id. Rule 12(b)(6). While Strahan has demonstrated an injury-in-fact sufficient to satisfy that element of the standing analysis (and the defendants have not provided any argument with respect to the other two elements), based on the evidence presented by the parties' filings, the court concludes that the defendant agencies did not receive Strahan's notice of intent to sue. Because such notice is a necessary prerequisite to the claims Strahan seeks to assert, see 16 U.S.C. § 1540(g), the court dismisses his action without prejudice. And, having done so on jurisdictional grounds, it does not reach the merits of the defendants' Rule 12(b)(6) challenge.

## I. Applicable legal standard

When it considers a motion to dismiss for lack of standing under Rule 12(b)(1), the court "accept[s] as true all well-pleaded factual averments in the plaintiff's complaint and indulge[s] all reasonable inferences therefrom in his favor." Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotation marks omitted). The court may also consider material outside the pleadings, such as affidavits. Gonzalez v. United States, 284 F.3d 281, 287-88 (1st Cir. 2002).

"[A] suit will not be dismissed for lack of standing if there are sufficient allegations of fact . . . in the complaint or supporting affidavits." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 65 (1987) (internal quotations omitted). To satisfy this standard, the plaintiff "must set forth reasonably definite factual allegations, either direct or inferential, regarding each material element needed to sustain standing." United States v. AVX Corp., 962 F.2d 108, 115 (1st. Cir. 1992). In other words, "the facts necessary to support standing must clearly appear in the record and cannot be inferred argumentatively from averments in the pleadings." Id.

## II. Background

Strahan, a conservation biologist, seeks to prevent what he describes as the "6th Great Extinction of Life on Earth" -- that

is, a mass extinction of plant and wildlife species.[1]  He alleges that an increase in the population of the United States must necessarily contribute to the extinction of a variety of native plant and animal species[2] and that eight immigration-related programs administered by DHS contribute to the country's growing population.[3]  Strahan contends that DHS violated Sections 7 and 9 of the Endangered Species Act of 1973 (ESA) by implementing these immigration-related programs which, he alleges, impact a variety of species listed as endangered in the United States.

Section 7 of the ESA obligates federal agencies to "utilize their authorities in furtherance of the purposes of this chapter by carrying out programs for the conservation of endangered species and threatened species listed pursuant to section 1533 of this title."  16 U.S.C. § 1536(a)(1).  In doing so, federal agencies must also "insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species . . . ."  16 U.S.C. § 1536(a)(2).

---

[1] Compl. (doc. no. 1) ¶ 1.

[2] Id. ¶ 2.

[3] Id. ¶ 3.

Agencies must "use the best scientific and commercial data available" in performing this evaluation. Id.

Agencies must undertake these actions "in consultation with and with the assistance of the Secretary" of the Department of Commerce or the Interior. Id. §§ 1536(a)(1)-(2). The Secretaries of the Departments of the Interior and Commerce have delegated responsibility for such consultations with respect to terrestrial and fresh-water species to the FWS and with respect to marine species to the NMFS. See Strahan v. Coxe, 939 F. Supp. 963, 977 (D. Mass. 1996) (outlining delegation).

Consultation under Section 7 may be formal, see 50 C.F.R. § 402.14, or informal, see id. § 402.13. "Informal consultation occurs when the action-proposing agency determines in a biological assessment that the action 'is not likely to adversely affect listed species or critical habitat,' and the wildlife agency concurs in writing, thereby terminating the consultation process." All. for the Wild Rockies v. Savage, No. 16-35589, 2018 WL 3579873, at *2 (9th Cir. July 26, 2018) (citing 50 C.F.R. § 402.13). "In contrast, formal consultation occurs when the proposed action 'may affect' listed species or critical habitat, and requires the consulting agency . . . to prepare a biological opinion" on the potential impact of the agency's proposed action on the relevant species or habitat. Id. (citing 50 C.F.R. § 402.14).

Strahan contends that DHS failed to engage in this consultative process mandated by § 7(a)(1) before implementing several immigration-related programs, most of which were established by Congress through the Immigration and Naturalization Act.[4]  Such programs lead to an increase in the United States population, he alleges, and thus negatively impact the populations of endangered and potentially-endangered species such as the northern right whale, the monarch butterfly, the eastern gray wolf, and the rusty patch bumble bee.

Strahan further contends that, by engaging in these immigration-related programs, DHS violated § 9(a) of the ESA. That section renders it "unlawful for any person subject to the jurisdiction of the United State to . . . take any [species of fish or wildlife listed as endangered] within the United States or the territorial sea of the United States," 16 U.S.C. § 1538(a)(1)(B), or "to attempt to commit, solicit another to commit, or cause to be committed, any offense defined in this section," id. § 1538(g).  The ESA defines "take" as, among other actions, "to harm" a species, 16 U.S.C. § 1532(19), and further defines "harm" to include "significant habitat modification or degradation" that "actually kills or injures wildlife," 50 C.F.R. § 17.3.  Specifically, Strahan argues that by allowing

---

[4] Compl. (doc. no. 1) ¶¶ 5, 37-38.

6

the population of the United States to increase, DHS is "incidentally taking ESA listed species of plants and animals . . . ."[5]

Strahan brings this action under the citizen-suit provision of the ESA, which authorizes "any person" to:

> commence a civil suit on his own behalf--
>
> (A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or
>
> (B) to compel the Secretary to apply, pursuant to section 1535(g)(2)(B)(ii) of this title, the prohibitions set forth in or authorized pursuant to section 1533(d) or 1538(a)(1)(B) of this title with respect to the taking of any resident endangered species or threatened species within any State;
> . . . .

16 U.S.C. § 1540(g)(1)(A)-(B). Under the only exception relevant here, no such action may be commenced "prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation." Id. § 1540(g)(2)(A)(i).

---

[5] Compl. (doc. no. 1) ¶¶ 97-98.

## III. Analysis

### A. Standing

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). The Constitution vests "[t]he judicial Power of the United States" in the federal courts, U.S. Const. Art. III, § 1, but extends this power only to "Cases" and "Controversies." Id. Art. III, § 2. "And '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)).

"[T]he justiciability doctrine[ ] of standing" is one "of the limitation's manifestations . . . ." Reddy v. Foster, 845 F.3d 493, 499 (1st Cir. 2017). That doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, 136 S. Ct. at 1547. Strahan, as the party asserting this court's jurisdiction, bears the burden of establishing his standing to obtain the requested relief. Id. To do so, he must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and

(3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). These standing principles apply to citizen suits brought under the ESA. Lujan, 504 U.S. at 561.

The defendants contend that Strahan has not demonstrated the first of these elements -- an injury in fact.[6] Strahan brings this action as an individual, and thus must demonstrate that he, himself, has suffered injury in fact.[7] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1547 (quoting Lujan, 504 U.S. at 560). "These requisites must be proved 'with the manner and degree of evidence required at the successive stages of the litigation.'" Maine People's All., 471 F.3d at 283. As such, "[a]t the pleading stage, general factual allegations of injury

---

[6] While they note in an introductory sentence that he "has not established any of the elements of standing," Mot. to Dismiss (doc. no. 16) at 8, and at oral argument addressed the other two elements, they did not develop any such arguments in their briefing.

[7] If he brought this action on behalf of his organization, Whale Safe, he would still be required to demonstrate "that individual members would have standing to sue in their own right." Maine People's All. And Nat. Res. Def. Council v. Mallinckrodt, Inc., 471 F.3d 277, 283 (1st Cir. 2006) (citing Friends of the Earth, 528 U.S. at 181).

9

resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561 (internal quotations omitted).

"[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons "for whom the aesthetic and recreational values of the area will be lessened" by the challenged activity." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 183 (2000). For example, "allegations that plaintiffs have a strong interest in viewing animals in living conditions that do not violate the ESA and who show that they would go visit the animals if the animals' conditions were improved have shown injury in fact." Missouri Primate Found. v. People for Ethical Treatment of Animals, Inc., No. 4:16 CV 2163 CDP, 2018 WL 1420239, at *2 (E.D. Mo. Mar. 22, 2018) (citing Hill v. Coggins, 867 F.3d 499, 505–506 (4th Cir. 2017), cert. denied, No. 17–865, 2018 WL 942505 (U.S. Feb. 20, 2018)).

While a plaintiff cannot "satisfy the demands of" the standing doctrine "by alleging a bare procedural violation," Spokeo, Inc., 136 S. Ct. at 1550, that is not all that Strahan does here. He alleges that he "liv[es] in the habitats of many listed endangered species" and engages in "professional work as a conservation scientist whose job is to stop the 6th Wave of

10

Extinction."[8] In his second verified objection to the motion to dismiss, Strahan further alleges that he is "attempting to reintroduce the Eastern Grey Wolf and Rusty Patched Bumble Bee into their former range located within the political boundaries of the northeastern United States," where he resides.[9] Accordingly, though his allegations must ultimately be proven, Strahan has pleaded facts that establish an injury-in-fact sufficient to maintain a citizen suit under the ESA.

B.  **Notice of intent to bring suit**

No citizen suit under the ESA may be commenced "prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation." Id. § 1540(g)(2)(A)(i). Failure to comply with this 60-day notice requirement obligates the court to dismiss the citizen suit.[10] Hallstrom v. Tillamook Cty., 493

---

[8] Compl. (doc. no. 1) ¶ 16.

[9] Second Obj. (doc. no. 18) at 2.

[10] The First Circuit Court of Appeals has not directly addressed whether the ESA's notice requirement is jurisdictional, but has concluded that an almost-identically worded requirement under the Resource Conservation and Recovery Act "is not a technical wrinkle or superfluous formality that federal courts may waive at will," but rather "is part of the jurisdictional conferral from Congress that cannot be altered by the courts." Garcia v. Cecos Int'l, Inc., 761 F.2d 76, 79 (1st Cir. 1985). See also Save the Yaak Comm. v. Block, 840 F.2d 714, 721 (9th Cir. 1988) (construing ESA requirement as jurisdictional in part because

U.S. 20, 33 (1989); see also Maine Audubon Soc. v. Purslow, 672 F. Supp. 528, 530 (D. Me. 1987), aff'd, 907 F.2d 265 (1st Cir. 1990) (dismissing action for failure to comply with ESA's 60-day notice requirement).

The First Circuit Court of Appeals "read[s] the 60-day notice requirement in environmental statute citizen suits strictly." Water Keeper All. v. U.S. Dep't of Def., 271 F.3d 21, 29 (1st Cir. 2001). It "provides agencies with an opportunity to resolve the dispute and take any necessary corrective measures before a resort to the courts," and as such "must adequately inform the agency of the exact grievances against it, if it is to fulfill this purpose." Id. at 29-30 (citing Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998)). Accordingly, the 60 days' notice must be given, as the statute's plain language contemplates, before the lawsuit commences. See Garcia, 761 F.2d at 78. Provision of notice during the action itself does not suffice. See Maine Audubon, 672 F. Supp. at 530.

Strahan, as the party asserting this court's jurisdiction, has the burden of establishing it, Dubois v. U.S. Dep't of

---

its 60-day notice requirement was virtually identical to the RCRA's).

Agric., 102 F.3d 1273, 1281 (1st Cir. 1996), and thus the burden of proving that he provided the requisite notice, Strahan v. Coxe, 939 F. Supp. 963, 976 (D. Mass. 1996), aff'd in relevant part and vacated on other grounds, 127 F.3d 155 (1st Cir. 1997) (requiring Strahan to "prove that he provided notice to the Secretary of Commerce before filing his Complaint or his suit would be dismissed, without prejudice, for lack of jurisdiction.").

Because the 60-day notice functions to permit the agency to remedy any alleged lack of compliance with or violation of the ESA without judicial interference, it has been interpreted to require not just that the notice be placed in the mail, but that the relevant agency actually received it. See Ctr. for Envtl. Sci., Accuracy & Reliability v. Sacramento Reg'l Cty. Sanitation Dist., No. 115CV01103LJOBAM, 2016 WL 8730775, at *3 (E.D. Cal. June 3, 2016) (placing burden on plaintiff to prove that notice, allegedly mailed, was actually received by agency). The statute's plain language, requiring that "written notice of the violation has been <u>given to</u> the Secretary, and to any alleged violator," id. § 1540(g)(2)(A)(i) (emphasis added), supports that interpretation. See Ctr. for Envtl. Sci., Accuracy & Reliability, 2016 WL 8730775, at *4.

Strahan has attached to his second verified objection a copy of a notice dated September 6, 2017, and addressed to the

13

Secretary of Homeland Security, the Secretary of Commerce, the Secretary of Agriculture, the Administrator of the National Oceanographic and Atmospheric Agency (of which NMFS is a division) and the Deputy Director of the US Fish and Wildlife Service.[11]  Strahan alleged in his complaint[12] and reiterates in his objection[13] that he provided this notice to the relevant agencies on September 6, 2017 -- more than 60 days before he filed his complaint on February 21, 2018.

The defendants each contend that they never received this notice.  They have attached to their motion to dismiss declarations from employees at FWS, NMFS, and DHS, describing the respective agencies' processes and procedures for receiving, logging, and reviewing notifications under § 1540(g)(2)(A)(i).[14]  Each employee also describes a search of the agency's systems and affirms that Strahan's notification was not found therein.[15]  On that basis, they affirm that each respective agency, to their knowledge, did not receive Strahan's notice.[16]

---

[11] Document no. 18-1.

[12] Compl. (doc. no. 1-1) ¶ 16.

[13] Second Obj. (doc. no. 18) at 1-2.

[14] See Gilbert Decl. (doc. no. 16-1); Pawlak Decl. (doc. no. 16-2); Sessa Decl. (doc. no. 16-3).

[15] Gilbert Decl. ¶¶ 7-8; Pawlak Decl. ¶¶ 3-4; Sessa Decl. ¶ 6.

[16] Gilbert Decl. ¶ 9; Pawlak Decl. ¶ 5; Sessa Decl. ¶ 6.

Had only one agency been unable to find any record of Strahan's notice, the court might infer that it may have been misplaced or misfiled. That all three were unable to locate any record of that notice suggests more strongly that it simply was not received. Accordingly, Strahan has not carried his burden of demonstrating that he satisfied the 60-day notice requirement of 16 U.S.C. § 1540(g)(2)(A)(i).[17]

## IV. Conclusion

For the reasons discussed herein, the defendants' motion to dismiss the complaint[18] is GRANTED. This dismissal is without prejudice to Strahan filing a new citizen suit that complies with the 60-day notice requirement. Because the court dismisses

---

[17] While, as Strahan explained at oral argument, it may be difficult for him to prove that the notice reached the secretary or director of the relevant agency, it seems to the court that he could prove its delivery to the agency through, for example, a return receipt from United States Postal Service or other parcel tracking information from the USPS, Federal Express, UPS, or similar carrier.

At oral argument, counsel for the defendants provided Strahan with the following address for providing such notice to DHS:

>Office of the Secretary
>Department of Homeland Security
>245 Murray Lane SW
>Mail Stop 0350
>Washington, D.C. 20528-0350

[18] Document no. 16.

this action, Strahan's remaining motions[19] are denied as moot. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   August 17, 2018

cc: Richard Maximus Strahan, pro se
    Frederick H. Turner, Esq.

---

[19] Document nos. 4, 20, 21, 22 and 23.